```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| KENNETH R. NELSON,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BRUCE R. SCHULTZ and<br>JON F. RODGERS,<br><br>　　　　　Defendants. | Case No. 15 C 8560<br><br>Judge Harry D. Leinenweber |

## ORDER

Plaintiff Kenneth Nelson's ("Nelson") Motion for Reconsideration of the Dismissal of the Case [ECF No. 42] is denied.

## STATEMENT

In February of this year, the Court dismissed Plaintiff's case with prejudice after he repeatedly failed to comply with the Court's orders to produce documents as part of the discovery process. Plaintiff then fired his counsel and filed this Motion for Reconsideration *pro* se.

The saga whose unhappy ending Plaintiff seeks to change began when he decided that the materials Defendant Schultz and Rodgers sought during discovery were not "relevant" and so refused to produce them. Defendants disagreed with Plaintiff's unilateral assessment and on September 7, 2016, filed a Motion to Compel. *See,* ECF No. 21. In their Motion and appearance before the Court, Defendants explained that they were seeking Nelson's bank statements and tax returns for the years during which he claimed damages from their alleged breach of contract. They argued that

the information was relevant for two reasons: first, to establish that they did not breach the contract, and second, to show that Plaintiff failed to mitigate his damages. Plaintiff's counsel objected to turning over the documents but admitted that the amount of materials sought "would be within one box" and hence not onerous to produce. *See,* ECF No. 49, Ex. F (Hr'g Tr. Sept. 14, 2106) at 3:20-4:5. After reading the parties' papers and hearing their arguments, the Court ordered the production of the documents. *See, id.* at 8:20-10:21. It gave Plaintiff 30 days, or until October 14, 2016, to comply with its order.

Plaintiff failed to do so, prompting Defendants to file a Motion for Sanctions. *See,* ECF No. 27. When the parties again appeared in front of the Court on November 15, Plaintiff's counsel advanced various reasons for why his client had not either produced the documents or submitted an affidavit stating that, after a reasonable search effort, he concluded that no other, unproduced documents existed. The Court rejected the asserted reasons as warranting noncompliance. *See,* ECF No. 49, Ex. H (Hr'g Tr. Nov. 15, 2016) at 2:7 (stating with regard to the production of documents that "I agree that [it's] short of what it should be"); 4:6-22 (agreeing with defense counsel that the Court cannot understand what Plaintiff is attesting to with his evasive and contradictory affidavit). It then gave Plaintiff "one more chance" to obey the Court's order. *See, id.* at 5:13-15, 6:3-15 ("Well, I'm going to give you one more chance to do it. . . . What I want you to do is have your guy go out and get the – whatever it is that he can get which is a lot of this tax returns and bank records, and anything else. . . .")

In crafting the Order, the Court took into account the fact that, since Plaintiff waited almost a decade before bringing the lawsuit, he may not be able to obtain all the documents from the relevant time period. *See, id.* at 6:10-15 ("I mean, obviously,

you can't produce what doesn't exist. [But] he has to be sure that they don't exist."). It gave explicit instructions as to what Plaintiff was to do in that case, stating "we want a crystal-clear affidavit setting forth what actions he took to locate the documents and what actions maybe that you [counsel] took on his behalf to locate the documents and [that] you were unable to find any more." *Id.* Importantly, the Court warned Plaintiff that unless he complied with its Order (twice issued), it was going to dismiss his case. *See, id.* at 5:13-15 ("Well, I'm going to give you one more chance to do it, or I'm going to have to probably dismiss it for want of prosecution."); 6:13-15 ("If he hasn't made a substantial effort to supply all this stuff, I'm going to grant a motion to – a sanction motion to dismiss the case for want of prosecution.").

To the Court's surprise, Plaintiff again did not do what he was ordered to do. This time Plaintiff's counsel said that he did not "interpret" the Court's Order or the Defendants' request as obliging him to turn over bank records. *See,* ECF No. 49, Ex. J (Hr'g Tr. Nov. 30, 2016) at 5:3-6:14. Defendants countered that any alleged misinterpretation was "disingenuous," and the Court tended to agree. *See, id.* at 5:21-6:14 ("The Court: [T]he last time you were in . . . it was clarified exactly what we were looking for."); 7:4-13 ("[Plaintiff's counsel]: Well, we can [get the records] – now that that's been clarified to us – The Court: It was clarified the last time we were here. I remember talking about it because I think you said, 'Well, he [defense counsel] didn't really ask this,' and then it was clarified that he did."). After more wrangling by the parties, the Court decided to give Plaintiff a substantial extension, until January 10, 2017, to meet his discovery burden. *See, id.* at 8:21-25. The Court, however, warned Plaintiff yet again that, "If you don't show a very, very,

very substantial effort to comply, then I'm going to probably dismiss the complaint for want of prosecution." *Id.*

A month after the January 10 deadline, the parties appeared in court, this time with Nelson himself in tow. Nelson's attorney may have thought his client's presence was needed because no additional records had been produced. Nelson sought to explain why, despite being an experienced businessperson and a certified public accountant, he had neither copies of his income tax returns nor his bank records. In response to Nelson's efforts at justifying himself, the Court stated:

> Well, it seems to me that a person who brings a lawsuit has some obligation to have what normally would be considered the appropriate documents necessary to both prove the case and to – for the other side to defend the case. They seem to have been, for whatever reason, disappeared and not available, and I believe that the motion for sanctions is well taken.

ECF No. 49, Ex. L (Hr'g Tr. Feb. 7, 2017) at 9:22-10:22. The Court followed that up with, "So I'm going to dismiss the case as a – for want of prosecution as a sanction against the failure to cooperate in discovery." *Id.* at 10:20-22. At the end of the hearing, the Court encapsulated its ruling, announcing "the ruling is as a sanction, the cause is dismissed for want of prosecution," without permission to refile. *Id.* at 11:10-18.

Nelson, now representing himself, asks for reconsideration. In seeking to reverse the Court's prior ruling, Nelson does not say that he will produce any more documents than what he has previously. Instead, he says that because the Court dismissed his case on spoliation grounds, the dismissal was unwarranted. In the same vein, he asserts that the Court should not have sanctioned him by dismissing the case because Defendants have not been prejudiced by the "immaterial" document not produced.

Nelson has not met the heavy burden to carry his Motion. *See, McKenzie v. City of Chi.*, 968 F.Supp. 1268, 1272 (N.D. Ill. 1997) ("In moving for reconsideration, the movant bears a heavy burden."). That burden is heavy because reconsideration is appropriate in only a few circumstances. *See, Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (explaining that problems that warrant reconsideration of an earlier decision "rarely arise" and so motions to reconsider "should be equally rare"); *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). Plaintiff recognizes this and so attempts to shoehorn his Motion into a situation where the Court dismissed his suit on a ground – spoliation – that was "outside of the adversarial issues presented to the court by the parties." *Bank of Waunakee*, 906 F.2d at 1191 (recognizing such *sua sponte* decisions as one of the few instances in which a "motion for reconsideration performs a value function").

This argument, however, runs into the problem of fact. The Court did not dismiss Plaintiff's lawsuit because it thought he destroyed evidence. *See, Smith v. United States*, 293 F.3d 984, 988 (7th Cir. 2002) ("Spoliation of evidence occurs when one party destroys evidence relevant to an issue in the case."). It is true that the Court thought a person in Plaintiff's shoes ought to be able to produce his own tax returns and bank records, and this was the opinion it expressed in the block quote above. But it never faulted Plaintiff for destroying those records.

Indeed, the Court allowed for the possibility that Plaintiff would not be able to produce the documents requested. It ordered that in such a case, Nelson (and his lawyer) should make reasonable efforts to locate the records, document those efforts,

and then have Nelson attest that he was "unable to find any more." *See,* ECF No. 49, Ex. H at 6:10-15. It was Nelson's repeated failures either to produce the records or declare that a reasonable search revealed nothing more that led to dismissal as a sanction. While Nelson produced many affidavits, each was ambiguous and self-contradicting, leaving the reader with the distinct impression that Nelson hedged his language so as to avoid being pinned down on any admission later on. In addition, after being told why the affidavits were inadequate and what was expected instead, Nelson did little to change the tenor or significance of his attestations. Instead, he came up with an ever-changing litany of reasons as to why he thought what he has done was sufficient.

In the face of such a "pattern of dilatory conduct," the Court acted within its discretion to dismiss his lawsuit. *See, Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 907-08 (7th Cir. 2003) ("In our Circuit, we review for abuse of discretion the district court's decision to sanction a plaintiff by dismissing a suit. Our review of a dismissal for want of prosecution is highly deferential.") (internal citations omitted); *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1117 (7th Cir. 1994) ("A court is permitted to infer a lack of intent to prosecute a case from a pattern of failure to meet court-imposed deadlines. Where the pattern of dilatory conduct is clear, dismissal need not be preceded by the imposition of less severe sanctions."). This conclusion is bolstered by the fact that the Court gave Plaintiff multiple warnings that it would dismiss his lawsuit should he fail to comply and that Plaintiff was at least as culpable as his attorney in disregarding the Court's orders. Neither condition is required for dismissal. *See, Aura Lamp,* 325 F.3d at 908 ("The district judge is not obliged to warn the plaintiff repeatedly nor is the court required to issue a formal rule to show cause before

dismissing a case. . . . All that is required is explicit warning."); *Ball v. City of Chi.,* 2 F.3d 752, 755-56 (7th Cir. 1993) ("[D]ismissal for failure to prosecute is an appropriate sanction for lawyers' delays and defaults even if the plaintiff is blameless; the sins of the agent can be visited upon the principal."). But both were present here: Plaintiff was expressly and repeatedly told that the Court would grant Defendants' Motion for Sanctions and dismiss the case if he did not meet his discovery burden, and Plaintiff, not his attorney, had to satisfy that burden. Ultimately, Plaintiff was the person who either possessed the documents or knew where to look for them and therefore was responsible for attesting that a reasonable search turned up nothing more.

Finally, Nelson asserts that Defendants have not been prejudiced by his failure to produce. The Court finds this to be little more than the argument he originally made as to why the requested documents were not relevant in the first place. But a motion to reconsider is not the place "to relitigate issues or presents arguments which could have been previously addressed." *Loch v. Bd. of Educ.,* Civil Action No. 3:06-cv-17-MJR, 2007 U.S. Dist. LEXIS 75589, at *4-5 (S.D. Ill. Oct. 11, 2007) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996)). In any case, the Court is unconvinced that Defendants would not have been prejudiced by Plaintiff's failure to comply with the discovery requests. The Court alluded to this when it stated that the documents neither produced nor attested to seemed to be "what normally would be considered the appropriate documents necessary to both prove the case and to – for the other side to defend the case." ECF No. 49, Ex. L at 9:22-10:22. It sees no reason to reconsider that judgment now.

In sum, the Court finds that the following justify its dismissal of Plaintiff's case with prejudice for want of prosecution. One, Plaintiff has ignored multiple court orders; two, he caused repeated delays in a case whose discovery was to end last year but got no further than the exchange of written documents; three, by engaging in dilatory conduct during discovery, he compounded the potential prejudice to Defendants caused by his instituting the cause of action almost ten years after the alleged bad acts occurred; four, he has not indicated that he will conduct himself any differently should the proceeding be reinstated, suggesting that other sanctions are unavailing. *See, Rollins v. Murphy,* 598 F. App'x 449, 450 (7th Cir. 2015) (listing "whether the litigant has ignored previous court orders, the extent of delays, prejudice to other parties, and the availability of other sanctions" as factors for a district court to consider in ending a case with prejudice for want of prosecution); *see also, Link v. Wabash R. Co.,* 370 U.S. 626, 627-30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of the pending cases and to avoid congestion in the calendars of the District Courts.").

For all these reasons, Plaintiff's Motion for Reconsideration is denied.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 5/9/2017